## J. J. Andrews et al., Executors, Appellees, v. A. J. Stinson et al., Appellants.

1. PLEADING—*what not plea in abatement.* A plea which sets up that by reason of some extraneous matter the jurisdiction which the court originally had has been ousted, is one in bar and not in abatement.

2. PARTNERSHIP—*when contract extension of.* *Held,* that the contract in question in this case, operated merely to extend the time for the settlement of an old partnership and did not create a new one.

Appeal from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 9, 1911.

WELTY, STERLING & WHITMORE, for appellants; ADAMS, BOBB & ADAMS, of counsel.

CRAIG & KINZEL and LAWRENCE B. STRINGER, for appellees.

MR. JUSTICE FROST delivered the opinion of the court.

January 2, 1905, Baker P. Andrews entered into a co-partnership agreement with appellant, A. J. Stinson, and Nelson P. Hand, under the firm name of Stinson & Hand, to carry on the lumber business in the

city of Chicago, for a period of three years, with a capital of $80,000, Andrews to have a half interest in the co-partnership and said Stinson and Hand each a one-fourth interest, with a provision to increase the capital stock at the end of the first year $8,000, proportionately among the partners, as to their interests, and with a like provision for a further increase of capital of $8,000 at the end of the second year, each partner to draw two hundred dollars per month from the business. July 22, 1906, Andrews died and appellees were appointed executors of his will and duly qualified as such. The fourth paragraph of Andrews' will expressed the desire and direction of Andrews that his executors should continue the lumber business for five years and gave them power to discontinue old and form new partnerships. On the death of Andrews the firm of Stinson & Hand filed an inventory under section 86 of the act of the Administration of Estates. The partnership agreement provided that the surviving partner should have one full year and no longer to settle up the affairs of the partnership. August 9, 1907, Andrews' executors agreed with the surviving partners to continue the partnership agreement until January 15, 1908, without modification of its terms, and with the express stipulation that the partnership affairs should be then settled and closed, as provided in the original agreement. The business of the firm of Stinson & Hand was carried over under this agreement until March 12, 1908. In the meantime Stinson & Hand engaged in business not connected with the firm's affairs and had drawn from the assets of the firm and it became impracticable for them to settle the co-partnership affairs as provided in the extension agreement, and on said last named day a new agreement was entered into by appellees with said Stinson & Hand, reciting the original agreement and the extension, and that it was impracticable and not for the

best interests of all parties to settle the co-partnership affairs as provided in the articles of extension, adjusting the interests of the partners and equalizing them as provided in the original agreement as to capital and profit, providing for the payment of certain notes by Stinson & Hand and by Hand individually to the executors to equalize the interests of the partners, providing also for the repayment to the co-partnership by Stinson & Hand of $9637.09 diverted by them from the firm's assets and providing that Stinson and Hand devote their time and attention to the business and render monthly statements showing the condition of the business, and for the withdrawal of $250 per month by Stinson and Hand and the executors and for certain other matters unnecessary to state. This last agreement was to commence January 31, 1908, and continue until January 31, 1909. At the expiration of this last agreement nothing had been done toward settling the co-partnership and its affairs were placed in the hands of one W. A. Irvin to take charge of and manage.

August 24, 1909, appellees filed a petition in the County Court of Logan county for a citation against A. J. Stinson and N. P. Hand to answer their petition and to make a full settlement of the affairs of the co-partnership. A demurrer was filed by A. J. Stinson individually to the petition and sustained by the County Court, and leave was given to appellees to file an amended petition.

To this amended petition a plea to the jurisdiction of the court was filed by Stinson individually to which the petitioners demurred. The demurrer was overruled and judgment on demurrer entered dismissing the amended and original petitions for want of jurisdiction. From this order and judgment of the County Court an appeal was taken to the Circuit Court of Logan County, where appellees' demurrer to the plea of Stinson was sustained and rule entered upon Stin-

son & Hand to answer the petition. Appellant, Stinson, elected to stand upon the plea and judgment was entered against Stinson & Hand for costs and citation ordered to issue as prayed, and A. J. Stinson brings the cause by appeal to this court.

It is urged by appellant that the facts set forth in the plea show that a new partnership agreement was entered into in virtue of the contract of March 12, 1908; that the fourth clause of the will of Baker P. Andrews provided this might be done and if this was a new co-partnership agreement and not a mere extension of the former one, the County Court was without jurisdiction to order a citation for the reason that a court of equity only had jurisdiction to require an accounting of its affairs.

Two questions are presented by the record. The first one is a question of pleading. The parties to this suit have treated the plea of appellant to which appellees' demurrer was overruled in the County Court and sustained in the Circuit Court as a plea in abatement, and it will be so considered here.

Even if the County Court did not have jurisdiction by reason of the setting up in said petition of the so-called new co-partnership contract of March, 1908, the filing of the amended petition omitting the matter objected to as ousting the court of jurisdiction left the petition to stand upon the original partnership agreement of which the County Court had undoubted jurisdiction to hear and determine, and a plea in abatement could not, by the introduction of extraneous matter, oust that court of jurisdiction. The plea in effect said that the matter of which the County Court had jurisdiction had been adjusted by an agreement which left no matter for that court to determine. This is the office of a plea in bar rather than one in abatement. If the County Court did not have jurisdiction of the subject of settling co-partnership matters at all, such want

of jurisdiction might be taken advantage of at any time, but said court having jurisdiction of the subject-matter of the original co-partnership in view of the death of Andrews, it undoubtedly had the right to hear and determine the matter of the amended petition even though it might appear that by reason of the acts of the parties another co-partnership had been formed that it did not have jurisdiction to adjust.

The claim of the appellants is that a new co-partnership was formed by the agreement of March 12, 1908, distinct from the old. How then can the fact of the new one being formed be pleaded in abatement to the jurisdiction of the County Court to adjust the old? Appellants cannot claim that the so-called second extension is a new co-partnership the adjustment of which is only cognizable in equity, and at the same time claim it is so connected with the old one that by its union the County Court is without jurisdiction to settle the old one.

Beyond the question of pleading and determining the case upon the merits of the controversy, we think the action of the Circuit Court was right. It is claimed that by the agreement of March 12, 1908, there was a complete adjustment and settlement of the old partnership matters and that an entirely new partnership was formed. We have no means of knowing what the actual intention of the parties to this agreement was save as it appears from their acts and the agreement itself in view of the situation presented when it was made. We are asked to hold that the executors who have been endeavoring to close up the old partnership affairs entered upon an entirely new one. A careful reading of the March agreement convinces us that it was the intention of all the parties that the agreement was made to adjust the affairs of the old partnership and continue it a sufficient length of time so that the terms of the adjustment might be worked out. The

firm of Stinson & Hand owed the executors $6178.52 as evidenced by a promissory note payable in one year. A. J. Stinson and N. P. Hand individually guaranteed the firm of Stinson & Hand the payment of $9737.09 for the purchase of land made by them outside the partnership business. A. J. Stinson owed the firm $4000. Provision is made in the agreement looking to the conversion by Stinson & Hand of their individual assets to reimburse the firm for their debts, and the collection and disposition of the assets of the firm of Stinson & Hand. It is hardly reasonable to suppose that the executors would enter into a new co-partnership for the short space of one year having a capital stock of nearly $100,000 of which they were furnishing one-half to carry on a lumber business in Cook county, the same to be controlled and managed by A. J. Stinson and N. P. Hand, when they had been endeavoring ever since the death of Andrews to get the affairs of the old co-partnership settled. The first extension agreement of the affairs had failed of its purpose by reason apparently of the acts and conduct of Stinson and Hand, and we cannot believe that in view of what had transpired with reference to the manner in which Stinson and Hand had conducted themselves in connection with the partnership that the executors would be very likely to enter into any new co-partnership with them. While it may be conceded that the March agreement may in form seem to create a new partnership, it is quite evident that it was the intention of the parties to settle the old co-partnership, and that this second extension was adopted for that purpose only and not for the purpose of embarking upon a new business.

In our opinion the County Court had full jurisdiction of the parties and subject-matter in controversy, and that the Circuit Court was correct in sustaining appellees' demurrer to appellants' plea. The judgment

of the Circuit Court will therefore be affirmed.

*Affirmed.*